# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KATHLEEN A.,[1]           )

                           )

            Plaintiff,     )      No. 20 C 3978

                           )

v.                        )      Magistrate Judge Jeffrey Cole

                           )

ANDREW SAUL, Commissioner of   )

Social Security,            )

                           )

            Defendant.    )

## MEMORANDUM OPINION AND ORDER

The plaintiff has filed a motion to take discovery in this Social Security appeal – which she has docketed as "First MOTION to Defer Responsive Pleading Deadline." She claims she is entitled to discovery "because there was a second hearing held before a different ALJ then [sic] the first hearing, and the second ALJ is impartial [sic] and bias [sic] against disabled claimants." The Motion states that the Plaintiff is entitled to discovery so that she can "establish the basis to take discovery to establish the lack of appropriateness of the second hearing and the lack of partiality [sic] of ALJ Studzinski." [Dkt. #15].

Discovery is essentially unheard of in these cases. *Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 856 (7th Cir. 2009). And for sound and obvious reasons. Judicial review under 42 U.S.C. § 405(g) is limited to a closed administrative record to which neither party may add evidence before the district court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The plaintiff's single-spaced, page-and-a-half motion is unsupported by citation to any case or statute allowing for discovery in a Social

---

[1] Northern District of Illinois Internal Operating Procedure 22 prohibits listing the full name of the Social Security applicant in an Opinion. Therefore, the plaintiff shall be listed using only their first name and the first initial of their last name.

Security appeal to determine *whether* the ALJ was biased.    Thus, any argument that might have been made is deemed waived. *Williams v. Bd. of Educ. of City of Chicago*, 982 F.3d 495, 511 (7th Cir. 2020); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived ....").   Indeed, if the motion were to be granted, it would mean that henceforth trial by an ALJ  could lead in any case to further investigation by way of discovery and appeals would become but a distant step in a procedure never envisioned by the Congress or the courts. And all this only for the asking by a Social Security applicant's lawyer.

Review of the record shows that the second hearing was held because the first ALJ became unavailable under HALLEX I-2-8-40A (Death, Retirement, Resignation, Illness causing absence of 20 days or more) and had not completed a draft decision under HALLEX I-2-1-55F2. (R. 14). And so the case was reassigned and a second hearing was convened.  The standard of due process in these matters is violated when an ALJ exhibits bias or animus against the claimant during a hearing. *Davenport v. Astrue*, 417 F. App'x 544, 546–47 (7th Cir. 2011); *United States v. Thouvenot*, *Wade & Moerschen, Inc*., 596 F.3d 378, 386 (7th Cir.2010). Bias cannot be shown through a mere pattern of rulings by a judicial officer; it requires evidence that the officer had it in for the party for reasons unrelated to the officer's view of the law. *Keith v. Barnhart*, 473 F.3d 782, 789 (7th Cir.2007). Plaintiff provides no such evidence and, worse, does not even claim that the ALJ had any personal enmity toward her.  Indeed, she didn't even attend the second hearing. (R. 36).

The motion [Dkt. #15] is denied.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/7/21

2

3